AO91 (Rev. 12/03) Criminal Complaint

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

# UNITED STATES DISTRICT COURT 2006 DEC -5 PM 4: 09

DISTRICT OF _____

CLERK
BY_____
DEPUTY CLERK

| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
|---|---|
| V. | |
| KEVIN MARTIN | Case Number: 2:06 mj-86-1 |

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about  **11/16/2006**  in  **Chittenden**  County, in the _____ District of  **Vermont**  defendant(s) did,

(Track Statutory Language of Offense)

distribution of crack cocaine

in violation of Title  **21**  United States Code, Section(s)  **841(a)(1)** .

I further state that I am a(n)  **Det., Burlington Police Dept.**  and that this complaint is based on the following facts:

Official Title

See attached Affidavit

Continued on the attached sheet and made a part of this complaint:  ☑ Yes   ☐ No

_____
Signature of Complainant

Daniel Merchand
Printed Name of Complainant

Sworn to before me and signed in my presence,

**Dec. 5, 2006**                        at   **Burlington, VT**
Date                                          City                State

Jerome J. Niedermeier       USMJ             _____
Name of Judge              Title of Judge    Signature of Judge

## AFFIDAVIT OF DETECTIVE DANIEL MERCHAND

Daniel Merchand, being duly sworn, deposes and states as follows:

1. I am a Detective with the Burlington Police Department assigned to narcotics investigations. I have been a detective for two years. I have been a full-time law enforcement officer in the State of Vermont since 1999. I have received specialized training in narcotics investigations.

2. I make this affidavit in support of a finding of probable cause to believe that Kevin Martin, a/k/a "Cornbread," has committed the offense of distribution of cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1). The information set forth in this affidavit was either observed by me or related to me by other officers involved in the investigation. Not every fact known to me is set forth in this affidavit.

3. I have been involved in a series of interrelated investigations of crack cocaine dealing in the Burlington area. During the course of these investigations, I met with an individual on November 9, 2006, referred to hereafter as CI#1, who described to me that a person he knew as "Cornbread" was selling cocaine base in and around the Burlington area. CI#1 advised that Cornbread obtains his crack cocaine from a male later identified as Taurean Buford a/k/a "ATL." CI#1 completed recorded telephone calls with Cornbread in an attempt to obtain crack cocaine from Martin through Buford. During these recorded calls Cornbread advised he could provide CI#1 with "10 grams" for $600 dollars. I know from other frequent police interaction that an individual named Kevin Martin uses the nickname "Cornbread."

4. On November 16, 2006, I met with a second individual referred to hereinafter as CI#2. CI#2 had previously identified Cornbread as a source of supply for crack cocaine in a previous meeting with me during November of 2006. CI#2 advised he/she could purchase a quantity of

crack cocaine from Cornbread. That day, CI#2 completed a recorded telephone call to Cornbread and arranged to meet him at a particular time and place. The call was recorded. As planned, CI#2 went to the predetermined location at the planned time. Prior to that, CI#2 was searched, and I fitted him/her with an undercover audio transmitting device. I provided CI#2 with serialized currency in an amount adequate to complete the transaction.

5. Investigators surveilling the meeting site observed Kevin Martin a/k/a Cornbread arrive at the area of the meet location. I observed CI#2 meet with Kevin Martin at the arranged time and place. Over the audio transmitter, I could hear the two engage in brief conversation. After a couple of minutes, investigators observed Martin leave the area.

6. I met with CI#2 immediately after the transaction. CI#2 provided to me a quantify of offwhite-colored, chunky substance contained in a twisted knotted baggie which, based on my knowledge, training and experience, appeared to be crack cocaine. The substance field-tested positive for cocaine. There was approximately one gram of this substance. CI#2 was searched with negative results. He/she thereafter completed a sworn statement that he/she had purchased crack from "Cornbread."

7. Based on the foregoing, I respectfully submit that Kevin Martin, a/k/a Cornbread, has committed the offense of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1).

*Detective Daniel Merchand*
Burlington Police Department

Sworn to and subscribed before me this 5th day of December, 2006.

JEROME J. NIEDERMEIER
United States Magistrate Judge